
FILED

Feb 03 2017, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Matheny, Hahn, Denman & Nix, L.L.P.
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richelle Marie Whitenack, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 3, 2017 <br><br> Court of Appeals Case No. 35A04-1608-CR-1811 <br><br> Appeal from the Huntington Superior Court <br><br> The Hon. Jeffrey R. Heffelfinger, Judge <br><br> Trial Court Cause No. 35D01-1511-F6-252 |

**Bradford, Judge.**

# Case Summary

On November 17, 2015, Gail Whitenack ("Gail") searched her step-daughter Appellant-Defendant Richelle Marie Whitenack's vehicle while it was in Gail's driveway because Gail was concerned that Whitenack was using drugs. During her search, Gail found items that suggested that Whitenack was, in fact, using drugs. Gail called the police and told them what she had found. The police department subsequently issued a tip to its deputies which included a description of Whitenack's vehicle and the suspected drug related items.

Later that same day, Whitenack was pulled over for speeding and crossing the center line twice. The deputy radioed his location and a description of the vehicle when he realized that the vehicle he had pulled over matched the vehicle in the tip. One or two minutes later, the department's K9 officer arrived to the scene with his dog. The K9 officer and his dog walked around the vehicle while the deputy finished writing Whitenack's ticket. The dog indicated the presence of drugs in the vehicle which prompted the deputy and K9 officer to search the vehicle. During their search, the deputies discovered a split-box of syringes, wrapping from a coffee package, and a spoon with burnt residue. The residue on the spoon was later tested by the Indiana State Police Department laboratory which identified the residue as heroin. On November 24, 2015, the State of Indiana (the "State") filed charges against Whitenack for: Count 1, unlawful possession of a hypodermic syringe; Count 2, possession of paraphernalia; Count 3, driving left of the center lane; and Count 4, exceeding the posted speed limit. Whitenack was found guilty as charged following a

bench trial and was sentenced to one year executed, one year suspended and one-half year of probation for Count 1, sixty days executed for Count 2, and fines of $10.00 each for Counts 3 and 4. The sentences for Count 1 and 2 were ordered to be served concurrently.

[3] On appeal, Whitenack challenges the trial court's admission of evidence during her bench trial. Specifically, Whitenack raises the following restated issue: whether the trial court abused its discretion when it admitted evidence found in Whitenack's vehicle during a valid traffic stop. Because the trial court did not abuse its discretion when it admitted evidence found by a K9 officer and his dog during a valid traffic stop, we affirm.

## Facts and Procedural History

[4] Around 7:00 am on November 17, 2015, Gail searched her step-daughter Whitenack's vehicle. Whitenack occasionally stayed with Gail and Whitenack's father. Gail was concerned because she had found syringes and a spoon in Whitenack's duffle bag a month earlier while she was looking for hair products that she believed Whitenack had borrowed. Gail took photos of those items and turned them in to the police. The following day, Gail's son found cotton balls with brown residue on them in Gail's home which he took to the police as well.

[5] After her search on November 17, 2015, Gail called police because she found a box of syringes, a spoon, and a small bag with some pills in the trunk of

Whitenack's vehicle. The Huntington County Sheriff's Department gave the deputies a description of Whitenack's vehicle along with a tip regarding the suspected drug related items. Later that day, Whitenack was pulled over by Deputy Dave Jackson for going 61 mph in a 55 mph zone and driving left of the center lane twice. Deputy Jackson radioed dispatch with his location and the vehicle description because he recognized that the vehicle matched the description of the one from the tip he had received. Within a minute or two, the department's K9 officer, Deputy Dave McVoy, arrived with his K9 partner. While Deputy Jackson was still writing Whitenack's ticket, Deputy McVoy walked his dog around the vehicle. The dog indicated the presence of drugs inside of Whitenack's vehicle. Deputies McVoy and Jackson then searched Whitenack's vehicle while she stood outside. During their search, the deputies found a split-box of syringes, wrapping from a coffee package, and a spoon with burnt residue. The burnt residue on the spoon was later tested by the Indiana State Police laboratory which determined that the residue was heroin.

[6] On November 24, 2015, the State of Indiana (the "State") filed charges against Whitenack for: Count 1, unlawful possession of a hypodermic syringe; Count 2, possession of paraphernalia; Count 3, driving left of the center lane; and Count 4, exceeding the posted speed limit. On July 7, 2016, following a bench trial, Whitenack was found guilty as charged. That same day, the trial court sentenced Whitenack to the following: one year executed, one year suspended, and one-half year on probation for Count 1; sixty days executed for Count 2;

and fines of $10.00 each for Count 3 and 4. The sentences in Counts 1 and 2 were ordered to be served concurrently. This appeal follows.

## Discussion and Decision

[7] Whitenack claims that the deputies' search of her vehicle was unreasonable under Article I, Section 11 of the Indiana Constitution because the State had received a report with a description of her vehicle, its location, and that it contained contraband over eight hours before her vehicle was searched and the State made no attempt to secure a warrant prior to her being pulled over for speeding and crossing the center line. This appeal follows a completed trial. Therefore, the issue on appeal is properly framed as whether the trial court abused its discretion by admitting the challenged evidence at trial. *Lindsey v. State*, 916 N.E.2d 230, 238 (Ind. Ct. App. 2009). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the circumstances and facts before it. *Weis v. State*, 825 N.E.2d 896, 900 (Ind. Ct. App. 2005). "We will not reweigh the evidence, and we consider any conflicting evidence in favor of the trial court's ruling." *Lindsey*, 916 N.E.2d at 238. We will also consider any uncontested evidence favorable to the defendant. *Id*. The legal conclusions of the trial court will be reviewed *de novo*. *Id*.

[8] Whitenack concedes that she was pulled over on November 17, 2015, "for speeding and driving left of center." Appellant's Br. p. 11. Whitenack further concedes that "[b]ased on Gail's original tip, a K9 officer was in the area to

conduct a free air sniff of the vehicle." Appellant's Br. p. 11. Therefore, Whitenack is not disputing the fact that the traffic stop and free air sniff were lawful and the subsequent search of her vehicle was reasonable.

[9] Whitenack's argument rests upon the belief that the deputies should have obtained a search warrant after Gail originally called in a tip about the contraband earlier that day. We know of no cases that suggest that a search which is constitutionally permissible at the time it is made is invalid and unreasonable under Article I, Section 11 of the Indiana Constitution if "the police [had] ample opportunity to obtain a search warrant prior to searching a vehicle." Appellant's Br. p. 12.

[10] Article I, Section 11 reads:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

"We have recognized that the purpose of Article One, Section 11 is to protect from unreasonable police activity, those areas of life that Hoosiers regard as private." *Mitchell v. State*, 745 N.E.2d 775, 786 (Ind. 2001) (internal citation and quotations omitted). "In resolving challenges asserting this section, courts must consider the circumstances presented in each case to determine whether the police behavior was reasonable." *Id.* (internal citation and quotations omitted).

[11] At the time that Whitenack was pulled over and the vehicle was subsequently searched, the deputies had ample probable cause to support their actions. The vehicle was originally pulled over due to Whitenack's speeding and crossing the center line twice. The deputies subsequently searched the vehicle after the K9 officer's dog alerted them to the presence of drugs. The fact that there may or may not have been enough information to obtain a search warrant to search that same vehicle earlier that day has no impact on the legality of the subsequent search and seizure; officers do not have to obtain a warrant at the first practicable moment. *See U.S. v. Thompson*, 700 F.2d 944, 950 (5th Cir. 1983); *U.S. v. Garza-Hernandez*, 623 F.2d 496, 501 (7th Cir. 1980).

[12] When we review a trial court's decision to determine if there was an abuse of discretion regarding the admission of evidence, "we may affirm the trial court's decision to admit evidence seized as a result of a search based on any legal theory supported by the record." *Johnson v. State*, 38 N.E.2d 658, 661 (Ind. Ct. App. 2015). Moreover, we have previously held that there is "nothing unreasonable in permitting an officer, who may have knowledge or suspicion of unrelated criminal activity by the motorist, to nevertheless respond to an observed traffic violation." *Mitchell*, 745 N.E.2d at 787. Therefore, the evidence obtained from Whitenack's vehicle by the deputies during the traffic stop was the product of a legal search and the trial court did not abuse its discretion when it admitted such evidence at trial. Based upon the above-stated conclusions and evidence in the record, we affirm the trial court's decision to admit the evidence found during the traffic stop of Whitenack's vehicle.

We affirm the judgement of the trial court.

Vaidik, C.J., and Brown, J., concur.